# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

RONDY C. BACON,            )
       Plaintiff,           )
                              )
v.                         )  Case No. CV410-281
                              )
GEORGIA PORTS AUTHORITY,   )
       Defendant.           )

## REPORT AND RECOMMENDATION

Plaintiff Rondy C. Bacon brings this Title VII case against the Georgia Ports Authority,[1] alleging that he was fired on a false sexual harassment charge and, because he is black, this constitutes race discrimination in violation of Title VII.[2] Doc. 1 at 3-4. He seeks leave to proceed *in forma pauperis*. Doc. 2. He also moves the Court to appoint

---

[1] He named it "Georgia Port Authority," doc. 1 at 1, but its correct name is the "Georgia Ports Authority." The above caption has been amended. All subsequent filings shall confirm.

[2] Title VII of the 1964 Civil Rights Act makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

1

him an attorney. *Id.*

The Court **GRANTS** his IFP motion (doc. 2), but **DENIES** his motion for appointment of counsel because his case is so meritless that it must be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).[3] Bacon seems to believe that merely being black and suffering an adverse employment action (like being fired) supports a race-discrimination Title VII claim. Doc. 1 at 3-4; *see also* doc. 2 at 2. But Title VII requires, at a minimum, unlawful *race*-based discrimination. Hence, there must be direct evidence that Bacon's race played a role in his discharge, or circumstantial evidence that a comparable, non-minority employee received materially better treatment than him.

That means that Bacon -- even under the more relaxed pleading standard afforded *pro se* litigants, *Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) -- must at least allege either direct evidence (e.g., management's express explanation that "we're firing you because we

---

3 "Where a plaintiff is proceeding in forma pauperis, a district court is required to sua sponte determine whether the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *See Alba v. Montford*, 517 F.3d 1249, 1251-52, n. 3 (11th Cir.), *cert. denied*, 129 S.Ct. 632 (2008)." *Walker v. Sun Trust Bank Of Thomasville, GA*, 2010 WL 165131 * 4 (11th Cir. Jan. 19, 2010).

don't want blacks working for us") or circumstantial evidence (that a non-minority was treated better than him). *See Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316-19 (11th Cir. 2003); *Marshall v. Mayor and Alderman of City of Savannah, Ga.*, 366 F. App'x 91, 97 (11th Cir. 2010); *Brown v. Jacobs Engineering, Inc.*, 2010 WL 4244116 at *1 (11th Cir. Oct. 28, 2010). Bacon has failed to do that.

There was a time when it was not necessary for plaintiffs like Bacon to plead sufficient facts establishing all of the Title VII elements. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002) ("we hold that an employment discrimination plaintiff need not plead a prima facie case of discrimination ... to survive respondent's motion to dismiss."); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) ("a Title VII complaint need not allege facts sufficient to make a classic . . . prima facie case"). However, the new Fed. R. Civ. P. 8 and 12 pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), changed that. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3rd Cir. 2009) (under those new pleading standards, "a complaint must do more than

allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.") (quotes and cite omitted). Bacon thus must allege sufficient facts that, if accepted as true, state a claim to relief that is plausible on its *face*. He thus must plead enough here to allow this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 129 S.Ct. at 1949, which here means violating Title VII. Determining whether his complaint is "facially plausible" is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* at 1950. So where the well-pleaded facts do not permit the court to infer more than the *mere possibility* of a misconduct, then the complaint has alleged -- but not shown -- that the pleader is entitled to relief. *Id.*

"These [*Twombly/Iqbal*-based] general pleading standards are equally applicable to employment discrimination cases." *Adams v. Lafayette College*, 2009 WL 2777312 at *3 (E.D. Pa. Aug. 31, 2009) (citing *Fowler*, 578 F.3d at 211). Under these new standards, this Court accepts as true Bacon's factual allegations but not his legal conclusions. *Iqbal*, 129 S.Ct. at 1950. It then determines if his alleged facts are sufficient to

state a plausible claim for relief. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.... Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1949-50.

Again, Bacon alleges neither direct-evidence facts ("because you're black") nor circumstantial-evidence facts (comparable white treated better). His complaint therefore is dead on arrival. *Cf. Parker v. Smyrna Police Dept.*, 2010 WL 4540286 at * 2 (N.D. Ga. Oct. 29, 2010) (applying *Iqbal* in sua sponte dismissing civil rights complaint based on equal protection claim, where plaintiff failed to allege any fact suggesting that he was treated differently based on a constitutionally protected interest such as race, nor has he alleged facts sufficient to move a possible class-of-one equal protection claim across the line from conceivable to plausible) (quotes and cites omitted);*Williams v. Temple University Hosp., Dist. Council 1199C*, 2010 WL 4540328 at * 2 (11th Cir. Nov. 12, 2010) (employment disability discrimination case dismissed for failing to plead material element of claim; it did not plausibly identify an impairment, allege a limitation, or otherwise indicate how plaintiff might be

5

substantially limited in a major life activity, but merely stated that she was injured at work and was later "sent back to work" on "full duty status.").

Bacon's case should therefore be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as it bears not even the slightest hint that it can be cured with a "second-chance" amendment.[4] *Cf. Langlois v. Traveler's Ins. Co.*, 2010 WL 4146153 at * 1-2 (11th Cir. Oct. 22, 2010) (even though IFP's litigant's pro se complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment

---

[4] In light of this result, it is not necessary for the Court to reach the issue whether the defendant would be otherwise immune from suit under the Eleventh Amendment. *See Peery v. Serenity Behavioral Health Systems*, 2009 WL 1228446 at * 5 (S.D. Ga. May 4, 2009) (citing conflicting precedent on this point); *Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 2008 WL 2278132 at * 8 (S.D. Ga. Mar. 28, 2008) (holding that the Georgia Ports Authority is entitled to Eleventh Amendment Immunity).

would not have been futile given additional documentary evidence attached to her appellate brief, which, although not properly before court, suggested that there might have been additional information that she could have provided in her original complaint).

**SO REPORTED AND RECOMMENDED** this  17th  day of December, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA**